IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINICK GIAMPAOLO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-526-WDS ) |
| KENNETH BARLEY, *et al.*, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate at the Danville Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Also before the Court are Plaintiff's motions for status hearing (Docs. 6 and 7). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Plaintiff alleges that while confined in Pinckneyville Correctional Center (PCC) he was denied adequate medical care for his serious medical needs (ulcer, irritable bowel syndrome, arthritis, vericose veins, and back pain) in violation of the Eighth Amendment by being denied his prescribed medication for a period of 31 days; by being denied a low bunk, a knee brace, and support stockings for over 200 days; and by being forced to consume his meals in 10 minutes or less with just one 4 ounce serving of a liquid for over 200 days. Additionally Plaintiff asserts that his Eighth Amendment rights were also violated by the following acts: (1) denial of adequate clothing for inclement weather; (2) being double celled with another inmate; (3) being exposed to second hand smoke; (4) being deprived of adequate sleep; (5) being housed in a cell with inadequate heat during the winter months; (6) being exposed to contaminated water and other unclean conditions in the communal shower area; and (7) being denied anti-bacterial cleaning supplies for his cell. Finally, Plaintiff asserts that strip searches of inmates are performed three at a time so that an inmate must expose himself to other inmates. Plaintiff claims that requiring him to strip in front of other inmates violates his right to privacy and his religious rights.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into nine counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Bartley, Giacomo, Lane, Tariq, Larson, Lucas, Hill, Mathes, Hartman, and Kisro for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

**COUNT 2:** Against Defendants Bartley and Rensic for deliberate indifference to Plaintiff's need for adequate clothing in violation of the Eighth Amendment.

**COUNT 3:** Against Defendant Bartley for deliberate indifference to Plaintiff's need for adequate shelter through adoption of the double cell policy in violation of the Eighth Amendment.

**COUNT 4:** Against Defendant Bartley for deliberate indifference to Plaintiff's health by exposing Plaintiff to second hand tobacco smoke in violation of the Eighth Amendment.

**COUNT 5:** Against Defendant Bartley for violating Plaintiff's right to privacy and Plaintiff's religious rights by requiring that strip searches be conducted in front of other inmates.

**COUNT 6:** Against Defendant Bartley for deliberate indifference to Plaintiff's health by depriving Plaintiff of sleep in violation of the Eighth Amendment.

**COUNT 7:** Against Defendants Bartley and Epplin for deliberate indifference to Plaintiff's need for adequate shelter by maintaining low temperatures in the cell during winter months in violation of the Eighth Amendment.

**COUNT 8:** Against Defendant Bartly for deliberate indifference to Plaintiff's health by requiring Plaintiff to shower in a "contaminated" and unclean communal shower in violation of the Eighth Amendment.

**COUNT 9:** Agaisnt Defendant Bartley for deliberate indifference to Plaintiff's health by failing to provide anti-bacterial cleaning prodcuts in violation of the Eighth Amendment.

## DISCUSSION

After careful consideration, the Court concludes that Counts 1, 2, 4, 5, 6, 7, 8, and 9 survive threshold review and should not be dismissed at this time. Count 3 of the complaint, concerning the use of double cells at PCC, however, should be dismissed pursuant to 28 U.S.C. § 1915A. It is well-settled that double celling of inmates does not violate a inmate's constitutional rights. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003).

## DISPOSITION

**IT IS HEREBY ORDERED** that Count 3 of the complaint is **DISMISSED** with prejudice

pursuant to 28 U.S.C. § 1915A. This dismissal counts as one of Plaintiff's 3 "strikes" under 28 U.S.C. § 1915(G).

**IT IS FURTHER ORDERED** that Plaintiff's motions for status hearing (Docs. 6 and 7) are **DENIED**.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BARTLEY, GIACOMO, LANE, TARIQ, LARSON, LUCAS, HILL, BRYANT, RENSIC, EPPLIN, MATHES, HARTMAN, and KISRO**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BARTLEY, GIACOMO, LANE, TARIQ, LARSON, LUCAS, HILL, BRYANT, RENSIC, EPPLIN, MATHES, HARTMAN, and KISRO** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED**.

**DATED: March 27, 2009.**

                                            **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**