IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DOMINICK GIAMPAOLO,**

**Plaintiff,**

**v.**

**KENNETH BARTLEY, et al.,**

**Defendant.**                                     **No. 07-526-DRH**

**ORDER**

**HERNDON, Chief Judge:**

## I. Introduction

Before the Court is Defendants Mary Lane, Joyce Lucas, and Marcia Hill's motion for rule to show cause (Doc. 26). Plaintiff has filed a response to Defendants' motion (Doc. 34). The Court further Ordered Plaintiff to submit a declaration describing his current financial status as well as a copy of his prison trust fund accounts as it would reconsider Plaintiff's pauper status in light of Defendant's arguments regarding Plaintiff's current financial status (Doc. 35). Plaintiff has submitted both a declaration (Doc. 40) and a copy of his prison trust fund account (Doc. 41). The Court further notes that Plaintiff has paid the remaining balance of his filing fee making Defendant's motion for rule to show cause regarding the filing fee **MOOT**. However, the Court now, *sua sponte*, reconsiders Plaintiff's pauper status.

## II. Discussion

Plaintiff is confined at Danville Correctional Center. In his Amended

Complaint, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  The Court, after reviewing the materials submitted by Plaintiff, granted Plaintiff *in forma pauperis* status on August 6, 2007 (Doc. 5).  Plaintiff was ordered to pay an initial partial filing fee and make monthly payments from his prison trust account until the filing fee was paid in full.

On June 23, 2009, Defendants Mary Lane, Joyce Lucas, and Marcia Hill filed a motion for rule to show cause (Doc. 26).  Specifically, Defendants argued that Plaintiff had not made any additional payments towards his filing fee, but that Plaintiff's prisoner trust fund account continually had a balance over $400.00 in his account and that he had received $4,700.00 from a Ms. Sally Fallon over the course of the past nine months (Doc. 26).  **See also *Giampaolo v. Loftus*, Case No. 08-1242 (C.D. IL June 15, 2009) (Judge Harold A. Baker noted that Plaintiff' failed to answer truthfully on his petition for pauper status)**.  Plaintiff filed a response to the motion for rule to show cause arguing that Defendants had misrepresented his financial status and that the Court ordered the agency having custody of him, not the Plaintiff himself, to pay the remaining balance on the filing fee.  On July 15, 2009, Magistrate Judge Frazier Ordered Plaintiff to submit a declaration describing Plaintiff's current financial status and a copy of his prison trust fund account (Doc. 35).  Judge Frazier noted that, in light of Judge Baker's findings regarding Plaintiff's ability to pay in his pending action in the Central District of Illinois, the Court would

review Plaintiff's pauper status as it appeared that Plaintiff's financial situation had changed since he first sought pauper status (*Id*.).

Thereafter, Plaintiff filed his declaration as to his current financial status (Doc. 40) and a copy of his prison trust fund account (Doc. 41). Plaintiff also paid the remaining balance on his filing fee. Plaintiff's declaration states that he receives, on average, $280 a month in gifts and loans from family. However, Plaintiff argues that his monthly expenses total $302 a month and include commissary costs, repayment of personal loans, filing fees and legal copies, phone visits, and payments of restitution. Plaintiff states that he has approximately $1,360 currently in his account and that his prison income over the course of twenty-eight (28) months was $69.

However, a review of his prison trust fund account reveals that for the past twenty-four months, since being granted IFP status, Plaintiff has had a solid source of income. Over the past twelve months, beginning in July 2008, Plaintiff has deposited approximately $8,100 into his prisoner trust fund account; Plaintiff received $7,600 from Sally Fallon alone between July 12, 2008 and June 29, 2009. The balance of Plaintiff's account has consistently stable, maintaining a balance over $300 for the past year and has had a stable balance well over $1,000 since January 2009. As Defendants note, Plaintiff's trust fund balance ranged from $1,454.92 to as high as $2,087.00 from January 1, 2009 through May 13, 2009. Plaintiff's current balance as off July 17, 2009 was $1,364.62.

**28 U.S.C. § 1915** ensures that indigent litigants have meaningful

access to the Courts. ***Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989)**. The Court may authorize a litigant to proceed *in forma pauperis* if he is unable to pay the costs associated with commencing an action. **28 U.S.C. § 1915(a)**. Further, **28 U.S.C. § 1915(e)** provides that a court "shall dismiss the case at any time" if the allegations of poverty are found to be untrue. **28 U.S.C. § 1915(e)(2)(A);** *see also **Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the Court had no choice");** *Mathis v. New York Life Ins.***, 133 F.3d 546, 547 (7th Cir. 1998)**.

While Plaintiff's initial petition for *in forma pauperis* was not untruthful, Plaintiff's financial status has clearly changed since this Court granted him pauper status. Plaintiff currently has $1,360 in his prisoner trust fund and has a solid source of income. Clearly, Plaintiff is not indigent nor has he been a pauper for over a year. Requiring Plaintiff to pay the filing fee and remaining service of process expenses will not force Plaintiff to forgo the necessities of life in order to fund his legal objectives since the prison pays for his necessities. Further, as Plaintiff's prisoner trust fund account records show, Plaintiff has enough funds to purchase any amenities he wants, including commissary and postage expenses. As Plaintiff clearly is not a pauper but has a solid source of income, the Court will no longer allow Plaintiff to proceed *in forma pauperis* and have his litigation funded at the taxpayers' expense. Therefore, the Court **REVOKES** Plaintiff's *in forma pauperis* status.

### III. Conclusion

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's leave to proceed *in forma pauperis* is **REVOKED**. The Court further **VACATES** in part its Order of March 27, 2009 (Doc. 9) appointing the United States Marshal to serve process as Plaintiff can clearly afford to pay any remaining service of process expenses. The Court also **FINDS AS MOOT** Defendants' Motion for Rule to Show Cause as Plaintiff has paid the filing fee in full.

**IT IS SO ORDERED.**

Signed this 6th day of October, 2009.

/s/     DavidRHerndon
**Chief Judge
United States District Court**