IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DOMINICK GIAMPAOLO,**

**Plaintiff,**

**v.**

**KENNETH BARTLEY, et al.,**

**Defendant.**                                               **No.07-526-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Background and Introduction

Before the Court is Plaintiffs' motion to reconsider/alter judgment (Doc. 70). On June 23, 2009, Defendants filed a motion for Order to Show Cause because Plaintiff had not paid his filing fee although he had received over $4,700 to his prisoner trust account (Doc. 26). Defendants also noted that in another case Plaintiff has pending before the Central District, the presiding judge had found that Plaintiff had lied about his financial status. Plaintiff filed a response to the motion stating that the Defendants had misrepresented his financial status. Subsequently, Magistrate Judge Frazier ordered Plaintiff to file a declaration as to his current financial status and a copy of his prison trust funds records in light of the findings in the Central District, as it appeared that Plaintiff's financial status had substantially changed since he was granted pauper status (Doc. 35). In response, Plaintiff paid the remainder of his filing fee as well as submitted the appropriate documents ordered by Judge Frazier (Docs. 40 & 41). Upon reviewing the submitted documents, this

Court determined that Plaintiff had a solid source of income (he had, in fact, had over $8,100 deposited into his prison trust fund account) and was not indigent. On October 7, 2009 the Court entered an Order revoking Plaintiff's pauper status because Plaintiff had a solid source of income and presently had $1,360 in his fund (Doc. 62). Subsequently, Plaintiff filed a motion to alter judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** asking that the Court review his financial status because the money in his account was being used for commissary food (Doc. 70).

## II. Analysis

Technically, a "motion to reconsider" does not exist under the **FEDERAL RULES OF CIVIL PROCEDURE**. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to **Rule 59(e)** or **Rule 60(b)** of the **FEDERAL RULES OF CIVIL PROCEDURE**. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Under these rulings, the date the motion was filed determined under what rule it would be analyzed. *See Deutsch*, 981 F.2d at 300. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under **Rule 59(e)**; if it was served after that time, it fell under **Rule 60(b)**. *Id.* **(citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions

filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Therefore, the former approach - that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions - no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label…, is dispositve with respect to the appropriate characterization of the motion.

**Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on October 7, 2009 (Doc. 62). Plaintiff filed his motion to amend under **Rule 59(e)** on October 23, 2009 but mailed his motion from the Danville Correction Center on October 20, 2009. Since the motion was mailed within ten days of the Order, the Court must look to the substance of the motion to determine whether the motion should be construed under **Rule 59(e)** and **Rule 60(b)**. **Obreicht, 517 F.3d at 493**. Here, Plaintiff filed his motion under **Rule 59(e)**. Plaintiff argues under **Rule 59(e)** that the Court reconsider its Order revoking his pauper status because he has informed the Court that he purchases commissary foods which require the use of money from his prisoner account. The Court finds that Plaintiff's motion is properly brought under **Rule 59(e)**.

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must

present newly discovered evidence. ***Moro v. Shell Oil Co.***, **91 F.3d 872, 876 (7th Cir. 1996);** ***Federal Deposit Ins. Corp. v. Meyer***, **781 F.2d 1260, 1268 (7th Cir. 1986);** ***Publishers Resources, Inc. v. Walker-Davis Publications, Inc.***, **762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.***, **51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro***, **91 F.3d at 876 (citation omitted);** ***King v. Cooke***, **26 F.3d 720, 726 (7th Cir. 1994),** ***cert. denied***, **514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)***, **125 B.R. 963, 977 (N.D.Ill. 1990) (citations omitted)**. **Rule 59(e)** is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals***, **125 B.R. at 977**. The decision to grant or deny a **Rule 59(e)** motion is within the Court's discretion. ***See Prickett v. Prince***, **207 F.3d 402, 407 (7th Cir. 2000);** ***LB Credit Corp. v. Resolution Trust Corp.***, **49 F.3d 1263, 1267 (7th Cir. 1995)**.

Here Plaintiff asks that the Court reconsider its Order finding that Plaintiff was not indigent and revoking his pauper status. Plaintiff merely states that the Court should consider Plaintiffs expenses and that he buys commissary food which he terms a "necessity" which require the use of his funds.[1] However, Plaintiff has not pointed to any error in the Courts findings in law or in fact nor has he presented any evidence to the Court. **See Moro, 91 F.3d at 876.** He instead states that he must purchase commissary food and that if he didn't have that expense his account would be higher. However, the Court found that Plaintiff's prisoner trust fund account was, based on the submitted records, currently $1,360 and that Plaintiff maintained a steady stream of funds over the course of the past year, enough funds to purchase any amenities, including commissary expenses. From the records submitted, the Court found that Plaintiff was clearly not a pauper. Plaintiff has presented no arguments suggesting an error in those findings or presenting new evidence to show otherwise. Instead, Plaintiff merely asks that the Court reconsider its decision to revoke his pauper status and require him to pay for service of process expenses.[2] However, the purpose of a **Rule 59(e)** motion to amend is not to give a

---

[1] Plaintiff's original response to Judge Frazier's order to submit a declaration as to his financial status stated that he had to buy food from the commissary because he could not obtain an alternative diet and was pursuing another lawsuit in the Central District regarding his diet.

[2] Plaintiff also argues that he should not be penalized and states that the Clerk of Court refused to follow the local rules. Plaintiff states that he never received any status update from the Clerk's office as to the service of his Complaint even though he sent inquiries to the Clerk of Court. However, Plaintiff's request for status has no bearing on his pauper status. The Court reviewed Plaintiff's submitted documents including a copy of his prisoner trust fund account and determined that Plaintiff had a steady source of income and was not indigent. While Plaintiff argues that he should not be punished and that such an action would "penalize the wrong party or person responsible" (presumably meaning the Clerk of

party another "bite of the apple" or be used by a party who "simply disagrees with the decision." Here, it is apparent that Plaintiff merely disagrees with this Court's decision as he has not offered any new evidence nor has he shown an error in law or fact on the Court's part. Therefore, the Court **DENIES** Plaintiff's motion to amend pursuant to Rule 59(e).

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's to reconsider/alter judgment (Doc. 70).

**IT IS SO ORDERED.**

Signed this 22nd day of November, 2009.

/s/  David R Herndon
**Chief Judge
United States District Court**

---

Court), the Plaintiff's financial status has nothing to do with any action or inaction on the part of the Clerk of Court.