**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DOMINICK GIAMPAOLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-526-DRH-PMF |
| | ) | |
| WARDEN KENNETH BARTLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment, filed by defendants Joyce Lucas, L.P.N., Dennis Larson, M.D., Tammy Giacomo, R.N., and Wexford Health Sources, Inc. (Wexford) (Doc. No. 48). Plaintiff Dominick Giampaolo is proceeding on § 1983 claims pertaining to the conditions of his former confinement at Pinckneyville Correctional Center. In their motion, these defendants seek ruling on their affirmative defense that Giampaolo failed to properly exhaust his administrative remedies. In particular, the issue is whether Giampaolo complied with the Illinois Department of Corrections' administrative requirement that grievances include details about what happened, when and where, and the name of those involved, if possible. The motion is opposed (Doc. No. 71).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable

inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998).

## I.    Exhaustion of Administrative Remedies

Lawsuits filed by inmates are subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. " 42 U.S.C. § 1997e(a). Section 1997e(a) does not require inmates to name in a grievance each person that will be sued. The prison's specific requirements govern the issue of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). That is, prisoners must follow state rules about the content of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002); *Strong v. David*, 297 F.3d 646 (7th Cir. 2002). Exhaustion is required even if the prisoner believes his efforts will be futile or if the administrative authority has no power to grant the preferred relief. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

The grievance procedure for offenders in Illinois is not to be used for complaints regarding decisions that are outside the authority of the Department of Corrections, such as parole, clemency, orders regarding length of sentence, or other decisions "rendered by the Director." 20 Ill. Admin. Code § 504.810(a). Grievance forms are to be addressed to the grievance officer and must contain factual details about each aspect of the offender's complaint, including what happened, when, and

where.  Each person involved must be named or described if their name is not known.  20 Ill. Admin. Code § 504.810(b).

Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof.  *Obriecht v. Raemisch*, 517 F.3d at 492.

<u>Wexford Health Sources, Inc</u>.  Wexford challenges the claim against it, which is based on allegations that it (a) failed to correct employee disregard for inmate health care, (b) failed to properly hire, train, and supervise doctors and nurses regarding diagnosis and treatment of serious medical conditions, and © employed doctors and nurses who ignore symptoms or are not trained to detect symptoms  (Doc. No. 8, pp. 9-10).  Wexford argues that factual details supporting these claims were omitted from Giampaolo's grievance.

The Court has carefully reviewed the grievance Giampaolo submitted to the grievance officer on November 14, 2006  (Doc. No. 48-1, pp. 1-16).  There are no factual details about Wexford's alleged improper conduct.

Giampaolo argues that he had no obligation to name or describe Wexford because Wexford is a corporation, not a person or individual.  This argument is not responsive to Wexford's position that the grievance failed to relate factual details, including what happened.  Giampaolo's grievance contains no details of poor employee training or supervision, poor hiring decisions, or other mismanagement of medical staff.

Giampaolo also maintains the he did not know that Wexford was in charge of the doctors and nurses at the Pinckneyville facility at the time he prepared his grievance.   Because he learned that fact after he filed this action, he believes he provided as much information as possible.  Again, this argument overlooks the omission from the grievance of details of his claim against Wexford.  Even

if it was not possible for Giampaolo to name or otherwise identify Wexford, the fact remains that he failed to meet the administrative obligation to provide factual details regarding Wexford's conduct.

Giampaolo also argues that he is excused from using the grievance procedure because his concerns regarding Wexford's conduct flow from a decision "rendered by the Director." He relies, in part, on an unreported decision by Judge Baker in *Giampaolo v. Loftus*. Because the *Loftus* decision pertains to a decision made by the director during the grievance process, the holding does not lend support to this argument. Giampaolo also relies on the fact that Wexford has contractual duties and obligations. Section 4.2.5 of the contract between Wexford and the Department of Corrections outlines the responsibility for Wexford agents and employees. Giampaolo believes that clause removes from the grievance procedure any inmate concern regarding Wexford. That section provides that Wexford shall be responsible for the negligent acts and omissions of its agents, employees and subcontractors in their performance of Wexford's contractual duties. (Doc. No. 71, p. 20).

The Court is not persuaded that a clause making Wexford responsible for the negligent acts of its employees has the effect of removing from the grievance process inmate concerns regarding the conduct of Wexford. The grievance procedure was used to address Giampaolo's concerns regarding inadequate medical care, and the Court should decline to restrict the scope of the grievance procedure in a manner that has not been adopted by state authorities.

Joyce Lucas, L.P.N. Lucas challenges the claim against her, which is based on allegations that she refused Giampaolo's request for pain medication on October 6, 2006 (Doc. No. 8, pp. 6-7). When Giampaolo grieved his concerns regarding pain medication, he mentioned the date (October

4

6, 2006), and the location (Pinckneyville Correctional Center). While he did not mention Lucas by name, he described her as a nurse who evaluated him during the intake process upon his arrival at that facility (Doc. No. 48-1, pp.1-2). These details satisfied the grievance officer, who addressed Giampaolo's concerns on the merits (Doc. No. 48-1, p. 11). On this point, defendant Lucas has not satisfied her burden of proof on her affirmative defense.

Dennis Larson, M.D.  Defendant Larson challenges the claim against him, which is based on events occurring in December, 2006. Because Giampaolo's grievance was submitted and resolved before that date, it does not mention Dr. Larson (Doc. No. 48-1, pp. 1-15). Giampaolo argues that he was not required to follow the grievance procedure because Dr. Larson's acts were outside the authority of the Department of Corrections as a result of a decision rendered by the Director. As discussed above, this argument is not persuasive.

Tammy Giacomo, R.N. Defendant Giacomo challenges the claim against her, which is based on allegations that she failed to supervise or train nurses and failed to immediately provide available medicine and treatment after learning that Giampaolo had sought treatment and been refused (Doc. No. 8, p. 8). Giacomo argues that she is not mentioned in Giampaolo's grievance. When the counselor and grievance officer evaluated Giampaolo's medical concerns, Giacomo was consulted as a resource (Doc. No. 48-1, pp. 1, 12).

Giampaolo cites to the unreported decision in *Giampaolo v. Loftus* for the proposition that he is not required to name in his grievance those who might deny the grievances in the future. The argument should be rejected for two reasons. First, neither the statute nor the administrative regulations create an exception for those who decide grievances. To the extent that Judge Baker recognized an exception in his unreported decision, the holding is not supported by discussion of

authority and is therefore not persuasive.  In any event, the argument fails here because Giacomo is not a person who denied plaintiff's grievance.

## II.      Recommendation

Giampaolo exhausted administrative remedies with respect to his claim against defendant Joyce Lucas, L.P.N.  He did not exhaust administrative remedies with respect to his claims against defendants Wexford, Dennis Larson, M.D. and Tammy Giacomo, R.N.

IT IS RECOMMENDED that the combined motion for summary judgment (Doc. No. 48) be GRANTED in part and DENIED in part.  Giampaolo's claims against defendants Wexford, Larson, and Giacomo should be dismissed for failure to exhaust administrative remedies.

If this recommendation is adopted, claims will remain as to defendants Lucas, Lane, Tariq, Hill, and Mathes.

**SUBMITTED:   April 22, 2010   .**

     **S/Philip M. Frazier**
     **PHILIP M. FRAZIER**
     **UNITED STATES MAGISTRATE JUDGE**

6