IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DOMINICK GIAMPAOLO,**

**Plaintiff,**

**v.**

**WARDEN KENNETH BARTLEY, et al.,**

**Defendant.**                                              **No. 07-526-DRH**

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

I. Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part Defendants' motion for summary judgment and dismiss Plaintiff Giampaolo's claims against Defendants Wexford Health Sources, Inc. (Wexford), Dr. Dennis Larson, M.D., and Ms. Tammy Giacomo, R.N. due to Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (Doc. 92). The Report recommended that the claims against Joyce Lucas, L.P.N. survive summary judgment as Plaintiff had exhausted his administrative remedies with respect to that claim. Plaintiff filed objections to the Report (Doc. 93). Based on the following, the Court **ADOPTS** the Report in its entirety.

On March 27, 2009, the Court issued its initial screening Order

pursuant to **28 U.S.C. § 1915A** (Doc. 9). Specifically, Plaintiff brought seven claims against various Defendants. Plaintiff's claims against Defendant T. Kriso were dismissed on February 11, 2010 (Doc. 83). Plaintiff later sought to voluntarily dismiss the claims against Defendants Kenneth Bartley, Terri Bryant, P. Rensic, Terry Epplin, and Mark Hartman (Docs. 87 & 90). The only claim that remains is a claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Mary Lane, R.N., Ahmed Tariz, M.D., Joyce Lucas, LPN, Marcia Hill, LPN, Dennis Larson, M.D., Tammy Giacomo, R.N., Timothy Mathis, M.D. and Wexford Health Sources, Inc. (Doc. 90).

On September 18, 2009 Defendant Wexford Health Sources, Inc., Tammy Giacomo, Dennis Larson, and Joyce Lucas filed a motion for summary judgment arguing that Plaintiff had failed to exhaust his administrative remedies (Doc. 48). On October 26, 2009 Plaintiff filed his response to the motion arguing that he was not required to name the Defendants in his grievance, that the Defendants' acts were outside the authority of the Department of Corrections and so he could not file a grievance, and that he did not know that the Defendants were involved until he filed his grievance (Doc. 71). Thereafter, Judge Frazier issued the Report on April 22, 2010 (Doc. 92). The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the Report. Plaintiff has filed objections to the Report (Doc. 93). Plaintiff contends that Wexford and its employees are outside the scope of authority of IDOC and thus he did not have to file a grievance. He also argues that he did not

know the names of the Defendants when he filed the grievance and that Wexford was a corporation and not an "individual" for purposes of the grievance procedure requirement.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992).** The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id*.

## II. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 56(c)** states that summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).** *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, **422 F.3d 603, 607 (7th Cir. 2005);** *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, **409 F.3d 833, 836 (7th Cir. 2005)**. The initial burden is upon the moving party to establish that no material facts are in dispute as to an essential element of the nonmoving party's case.

***Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009)**. Once the moving party meets the burden, the non-moving party must come forward with evidence that establishes a genuine issue for trial. **FED.R.CIV.P. 56(e)**.

A non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. ***Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003);** *see also **Winters v. Fru-Con, Inc.*, 498 F.3d 734, 744 (7th Cir. 2007) (noting that "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies.")**. Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. ***Heft*, 351 F.3d at 283 (holding that summary judgment is proper when the plaintiff's case consists of factually unsupported claims); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (affirming the district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence).** *See **Celotex*, 477 U.S. at 320 (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient**

**showing on an essential element of her case with respect to which she has the burden of proof.").**

Lawsuits filed by inmates are governed by the provisions of the PLRA. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. The burden of proof on the affirmative defense of exhaustion lies with the defendants. **Westefer v. Snyder, 422 F.3d 570, 577 (7th Cir. 2005)**. The Seventh Circuit, however, requires strict adherence to the PLRA's exhaustion requirement. **Doe v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion.")**. Exhaustion must occur before the suit is filed. **Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004)**. Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. **Id**. Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." **Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2005)**. Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." **Doe, 438 F.3d at 809.**

As an inmate confined with the Illinois Department of Corrections,

Plaintiff was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures For Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Admin. Code § 504.800, et seq**. The grievance procedures first require inmates to speak with their counselor about their complaint. **20 Ill. Admin. Code § 504.810(a)**. Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed tot he Grievance Officer within 60 days of the incident. *Id.* The grievance form must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." **20 Ill. Admin. Code § 504.810(b)**. "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code § 504.830(d)**. If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or

grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code § 504.850(a)**. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code § 504.850(e)**. "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance with 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code § 504.850(f)**.

The R&R ultimately found that Plaintiff failed to exhaust his administrative remedies as to Defendants Wexford, Dr. Larson, and Ms. Giacomo. In his response to the R&R Plaintiff raises three objections to Magistrate Judge Frazier's findings. The Court notes that much of his argument was raised in his response to Defendants' motion for summary judgment and rejected by Judge Frazier in the R&R. In many of the objections, Plaintiff appears to merely reiterate his arguments in his earlier response.

First, Plaintiff argues that Defendant Wexford falls outside of the grievance process and thus Plaintiff did not have to exhaust his administrative remedies as to Wexford because there were no administrative remedies. Specifically, Plaintiff argues that Wexford acts outside the authority of IDOC and that IDOC has

no control over its operation and cannot grant relief to Plaintiff for the actions of Wexford.  However, as Judge Frazier correctly pointed out, there is no authority which provides that inmate concerns regarding Wexford's conduct are somehow removed from the grievance process requirements.  Nothing suggests that Wexford falls outside the grievance process.  On the contrary, the contract provisions provided by Plaintiff show that IDOC has authority over Wexford and its employees to monitor the performance of the health care staff (*See* Doc. 71 p. 21).  Judge Frazier correctly refused to limit the scope of the grievance process because there was no evidence that state authorities had adopted such a restriction on the grievance process.

Plaintiff further argues that he exhausted his administrative remedies because the Administrative Code does not require facts and names.  Plaintiff argues that while he failed to include Wexford, Dr. Larson, and Giacomo's names in the grievance, he did not know the names of those involved at the time of filing but that he sought to provide as much information as possible.  Plaintiff also argues that the Administrative Code does not require such specificity.  However, Judge Frazier did not recommend that Plaintiff's claims be dismissed for his failure to specifically name Wexford, Larson, and Giacomo, but rather the R&R found that Plaintiff had failed to exhaust because he failed to plead facts regarding those Defendants' conduct.  Judge Frazier specifically stated that Plaintiff had failed to plead any facts regarding the alleged actions involving Wexford.  Regarding his clams involving Larson, Plaintiff had not exhausted because his grievance was filed in October, before

the events he alleged in his Complaint against Larson took place. The R&R correctly found that Plaintiff's grievance contained no details as to his allegations against Wexford, Larson, and Giacomo. The R&R did not recommend dismissal because he failed to name those defendants as Plaintiff alleges, but because he failed to provide factual allegations in the grievance as to those defendants. Further, contrary to Plaintiff's argument that he did not have to provide factual details, the Illinois Department of Corrections' grievance procedure requires inmates to provide factual details for their grievances. **See 20 Ill. Admin. Code § 504.80(b)**. Here, Plaintiff failed to provide factual details or identify Wexford, as well as failed to provide factual details as to his claims against Larson and Giacomo.

Plaintiff's final argument is that Wexford is not an "individual" under the definitions relevant to the grievance procedure and thus is not subject to the grievance process. Plaintiff provides no supporting case or statutory law to support his argument that Wexford is not subject to the grievance procedure, other than the fact that the grievance rules refer to "individuals" and "persons" and not "corporations". However, Plaintiff previously addressed this argument in his response to Defendants' motion for summary judgment and Judge Frazier properly rejected the argument. Judge Frazier found the argument unresponsive as the argument raised by Defendant Wexford in regards to exhaustion was that Plaintiff failed to provide factual details in his grievance, not that Plaintiff failed to name Wexford. As Judge Frazier correctly concluded, Plaintiff's grievance fails to detail any allegations of poor employee training, supervision, or mismanagement of medical

staff.

The Court, therefore, agrees with Judge Frazier's analysis in the Report and finds that Plaintiff failed to exhaust his administrative remedies as to Defendants Wexford, Larson, and Giacoma. The record is clear that Plaintiff failed to provide any factual details as to the allegations against Wexford in his grievance. Further, Plaintiff failed to provide any factual details regarding the wrongful conduct of Dr. Larson. Although Plaintiff did file a grievance, it was filed and resolved before the events regarding Defendant Larson occurred and does not mention Dr. Larson. Further, no factual details were provided in his grievance regarding the conduct of Defendant Giacomo and the R&R correctly found that there is no statute or administrative regulation that provides an exception to the grievance procedure for those who decide grievances, although Judge Frazier correctly found that Defendant Giacomo was not the person who denied Plaintiff's grievance. The Court therefore finds that Plaintiff failed to exhaust his administrative remedies as to Defendants Wexford, Larson, and Giacomo. The parties do not object to the R&R's finding that Plaintiff exhausted his administrative remedies with respect to the claims against Defendant Joyce Lucas, L.P.N. and thus the Court **ADOPTS** the R&R's findings as to Defendant Lucas.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 92). The Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for

summary judgment (Doc. 48).  The Court **DISMISSES with prejudice** Plaintiff's claims against Defendants Wexford, Dr. Dennis Larson, M.D., and Tammy Giacomo, R.N. for failure to exhaust administrative remedies.  However, the Court finds that the claims against Joyce Lucas, L.P.N. shall remain as Plaintiff exhausted his administrative remedies as to Defendant Lucas.

**IT IS SO ORDERED.**

Signed this 23rd day of June, 2010.

/s/  David R Herndon

**Chief Judge
United States District Court**